IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSHUA NOWLAND | § | |
| VS. | § | CIVIL ACTION NO. 1:25cv333 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Joshua Nowland, an inmate at the Wallace Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2013, petitioner was convicted of aggravated robbery.

The Court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed as successive.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

In his objections, petitioner states he is not challenging the conviction described above. Instead, he is informing the Court of crimes that have been committed against him. Petitioner states that on May 25, 2022, he sent a petition for writ of mandamus, along with a motion to proceed *informa pauperis,* to the Supreme Court. He asserts he sent copies of his petition to the United States Court of Appeals for the Fifth Circuit and two state district judges in Jefferson County, Texas. Petitioner alleges a forged appeal was received by the Supreme Court on June 17, 2022. He states he did not authorize anyone to write a petition for mandamus or forge an appeal. Petitioner contends only the Fifth Circuit and the two state district judges knew about the petition. He asserts the state

district judges forged his appeal and that as a result of this alleged obstruction of justice, he should be released.

Title 28 U.S.C. § 2241(c)(2) provides that a writ of habeas corpus may be granted if a petitioner demonstrates he is in custody in violation of the Constitution or laws or treaties of the United States. Even if petitioner's allegations regarding an appeal being forged are accepted as true, they would not demonstrate he is in custody in violation of the Constitution or laws or treaties of the United States. As a result, petitioner is not entitled to a writ of habeas corpus. His petition should therefore be dismissed without prejudice.

## ORDER

Accordingly, petitioner's objections [Dkt. 9] are OVERRULED. The report of the Magistrate Judge [Dkt. 8] is ADOPTED to the extent it recommends the petition be dismissed without prejudice. A final judgment will be entered dismissing the petition.

In addition, the Court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 583-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not required to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition provides him with a basis for relief is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 27th day of January, 2026.**

_____
Michael J. Truncale
United States District Judge